# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RODNEY EUGENE SMITH,

    Petitioner,

v.                                           Case No. 8:09-CV-1750-T-30MAP

UNITED STATES OF AMERICA ,

    Respondent.
_____/

## **O R D E R**

This matter is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Petitioner is a federal prisoner currently under supervision in Tampa, Florida. Petitioner is challenging a conviction and sentence imposed in the Southern District of West Virginia. *See United States v. Smith*, case number 1:01-cv-07 (S.D. W.Va. Jan. 3, 2001). Petitioner contends that the district court lacked jurisdiction to convict and sentence him because he was arrested by state police who had no authority to arrest him on behalf of the federal government.

Petitioner has attempted to challenge this conviction and sentence collaterally in the trial court and other courts, including at least four times previously in this Court. *See Smith v. Warden,* case number 5:06-cv-428 (M.D. Fla. 12/28/06); *Smith v. Warden*, case number 5:04-cv-276 (M.D. Fla. 6/30/04); *Smith v. Warden*, 5:07-cv-31 (M.D. Fla. 1/23/07); *Smith*

*v. Warden*, 5:08-cv-163 (M.D. Fla. 4/28/08). Thus, the instant Petition is successive.[1]

Even if the instant Petition were not successive, Petitioner would not be entitled to relief on his claims because he has not demonstrated that he is entitled to relief pursuant to the 28 U.S.C. § 2255 savings clause.[2]

Pursuant to Habeas Rule 4,[3] "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent. It is clear that Petitioner is not entitled to relief in this case, and accordingly the Court will not order service of the Petition.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition (Dkt. 1) is **DISMISSED** as successive

2. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to: Petitioner pro se

---

[1] *See Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990) (previously adjudicated issues are barred by the successive writ rule and the abuse of the writ doctrine).

[2] *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999).

[3] Rules Governing Habeas Corpus Cases Under Section 2254. Pursuant to Habeas Rule 1(b), the Court has the discretion to apply the Habeas Rules to other habeas corpus petitions.